UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 24-21129-CIV-MARTINEZ

ZHIPENG YIN, et al.,

    Plaintiffs,

v.

MANNY DIAZ, in his official capacity as
Commissioner of the Florida Department of
Education, et al.,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Eduardo I. Sanchez, United States Magistrate Judge, pursuant to 28 U.S.C § 636 for a Report and Recommendation ("R&R") on Plaintiffs' Motion for a Preliminary Injunction ("Motion"), (ECF No. 20). (ECF No. 23). Judge Sanchez filed an R&R recommending that Plaintiffs' Motion be granted in part, and that a preliminary injunction be entered that enjoins the enforcement of Fla. Stat. § 288.860(d)–(e) to the extent that it prohibits student employment at Florida's state universities and colleges already authorized by F-1 visas issued by the federal government, including the employment of Plaintiffs Zhipeng Yin and Zhen Guo. (ECF No. 43). Plaintiffs and Defendants filed objections to the R&R, (ECF Nos. 48 and 49), and responses to the objections, (ECF Nos. 51 and 52).

    Specifically, Judge Sanchez found that (1) Plaintiffs Guo and Yin have shown a likelihood of establishing standing; (2) Plaintiff Zhengfei Guan has not shown a likelihood of establishing standing; (3) Plaintiffs have shown a likelihood of success on their preemption claim, not under a theory of field preemption, but under a theory that SB 846 is conflict-preempted by federal

immigration law and federal foreign affairs powers; (4) Plaintiffs have not shown a likelihood of success on their equal protection claim; (5) Plaintiffs have not shown a likelihood of success on their Due Process claim; (6) Plaintiffs Guo and Yin have demonstrated that they will suffer irreparable harm absent entry of a preliminary injunction; and (7) the balance of the equities and public interest weighs in favor of Plaintiffs. (*See* ECF No. 43).

Plaintiffs object to portions of the R&R and argue that (1) Plaintiff Guan has shown a likelihood of establishing standing because he claims a tangible financial injury traceable to Defendants; (2) Plaintiffs have shown a likelihood of success on their field preemption claim; (3) Plaintiffs have shown a likelihood of success on their Equal Protection claim because strict scrutiny applies; and (4) Plaintiffs have shown a likelihood of success on their Due Process claim because the term "domicile" is unconstitutionally vague. (ECF No. 49).

Defendants also object to portions of the R&R and argue that (1) no Plaintiff has established standing as the alleged injuries are not traceable to or redressable by Defendants; (2) SB 846 is not preempted by federal immigration law; and (3) a universal injunction preventing enforcement of SB 846 exceeds the Court's equitable authority. (ECF No. 48). Defendants ask the Court to deny Plaintiffs' Motion or at least limit the scope of any injunction to the parties. (*Id.*).

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). A district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. *Id.*; *Williams*, 681 F.2d at 732. Accordingly, the Court has undertaken a *de novo* review of the portions of the R&R objected to by both Plaintiffs and Defendants.

After conducting a *de novo* review of the record and Objections, (ECF Nos. 48 and 49), this Court agrees with Judge Sanchez that a preliminary injunction should be entered that enjoins the enforcement of Fla. Stat. § 288.860(d)–(e). It is hereby **ORDERED** and **ADJUDGED** that:

1. Judge Sanchez's Report and Recommendation, (ECF No. 43), is **AFFIRMED and ADOPTED**.

2. The parties' Objections, (ECF Nos. 48 and 49), are **OVERRULED**.

3. Plaintiffs' Motion for Preliminary Injunction, (ECF No. 20), is **GRANTED IN PART**.

4. A preliminary injunction is hereby entered against all Defendants pursuant to the terms set forth in the R&R, (ECF No. 43). The enforcement of Fla. Stat. § 288.860(d)–(e) is hereby enjoined to the extent that it prohibits student employment at Florida's state universities and colleges already authorized by F-1 visas issued by the federal government, including the employment of Plaintiffs Zhipeng Yin and Zhen Guo.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27 day of March, 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Sanchez
All Counsel of Record