UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 24-21129-CIV-MARTINEZ

ZHIPENG YIN, *et al.*,

    Plaintiffs,

v.

MANNY DIAZ, in his official capacity as
Commissioner of the Florida Department of
Education, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO STAY PENDING APPEAL

    **THIS CAUSE** came before the Court upon Defendants' Motion for a Stay Pending Appeal of Preliminary Injunction ("Motion") (ECF No. 56). Upon careful consideration of the Motion, Plaintiffs' Response in Opposition, (ECF No. 59), and Defendants' Reply, (ECF No. 60), and being otherwise fully advised in the premises, the Motion is **DENIED**.

    District courts have the broad discretion to stay litigation proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, "[a] stay pending appeal is an extraordinary remedy for which the moving party bears a heavy burden." *Miccosukee Tribe of Indians of Fla. v. United States*, No. 10-23507-CV, 2011 WL 5508802, at *1 (S.D. Fla. Nov. 8, 2011) (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)). Specifically, the movant "must show that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the stay issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the stay would not be adverse to the public interest." *Id.*

    None of the aforementioned factors weigh in favor of a stay. First, Defendants have not established a substantial likelihood of success on the merits on appeal. Defendants rely on the same arguments that this Court previously rejected—that Plaintiffs Yin and Guo also lack standing, SB 846 is fully consistent with federal law, and any injunction must be limited to the parties. (Mot. at 2–4). Defendants also argue that these issues are "close enough to warrant a stay." (*Id.* at 2).

However, even if this Court agreed that the issues were "close," issues being a close call does not meet the high burden of establishing a substantial likelihood of success on the merits.

Defendants' argument that a statewide injunction exceeds this Court's authority is a misrepresentation of court precedent. Binding Supreme Court precedent required the statewide preliminary injunctive relief this Court granted because "the scope of injunctive relief is dictated by the extent of the violation established." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). This Court's statewide preliminary injunction is well within long-recognized and established federal court injunctive power. Under the circumstances presented here, Eleventh Circuit precedent fully authorizes statewide injunctions against enforcement of a state law. *See e.g., Honeyfund.com Inc. v. Governor*, 94 F.4th 1272, 1283 (11th Cir. 2024); *Georgia Muslim Voter Project v. Kemp*, 918 F.3d 1262, 1276–77 (11th Cir. 2019) (Pryor, J., concurring); *Scott v. Roberts*, 612 F.3d 1279, 1298 (11th Cir. 2010); *Statewide Detective Agency v. Miller*, 115 F.3d 904, 905–06 (11th Cir. 1997).

"[T]he overwhelming weight of authority from federal courts around the country (including in the Eleventh Circuit) confirms that statewide injunctions remain a viable tool for district courts because '[r]emedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law.'" *The Farmworker Ass'n of Fla., Inc., v. Uthmeier*, No. 23-CV-22655, 2025 WL 775558, at *2 (S.D. Fla. Mar. 11, 2025) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)); *see also Florida v. Dep't of Health & Human Servs.*, 19 F.4th 1271, 1281–82 (11th Cir. 2021) ("[A] federal district court may issue a nationwide, or 'universal,' injunction in appropriate circumstances. . . . [U]niversal relief may be justified where the plaintiffs are dispersed throughout the United States, *when immigration law is implicated, or when certain types of unconstitutionality are found.*" (cleaned up & emphasis added)).

Second, Defendants have not shown that they will suffer irreparable harm absent a stay. Defendants argue that "[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (Mot. at 4 (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012)). However, the Eleventh Circuit has clarified that "it is black-letter law that the federal government does not invade areas of state sovereignty simply because it exercises its authority in a way that preempts conflicting state laws." *State of Fla.*, 19 F.4th at 1291 (citing *Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 291 (1981)) (cleaned up). As "federal law preempts conflicting state law, we cannot say that Florida faces an

irreparable injury. Indeed, to conclude otherwise would mean that a state would suffer irreparable injury from all . . . federal laws with preemptive effect. Florida cites no cases establishing such a broad standard." *Id.* at 1292.

The Court will consider the third and fourth requirements jointly. *See Scott*, 612 F.3d at 1280 ("[w]hen the state is a party, the third and fourth considerations are largely the same"); *Swain v. Junior*, 958 F.3d 1081, 1091 (11th Cir. 2020) ("where the government is the party opposing the preliminary injunction, its interest and harm merge with the public interest"). As explained above, Defendants cite no cases establishing a broad standard that Defendants would suffer harm of having a law enjoined because it is preempted by federal law.

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Stay Pending Appeal, (ECF No. 56), is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 22 day of April 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record