**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

YIN, et al.,

        *Plaintiffs*,

v.

DIAZ, et al.,

        *Defendants*.

Case No. 1:24-cv-21129-JEM

## PLAINTIFFS' SUPPLEMENTAL BRIEF ON DEFENDANTS' MOTION TO DISMISS

Through an Order (ECF No. 54) entered on March 28, 2025, this Court stayed Defendants' motion to dismiss (ECF No. 35) and provided the parties an opportunity to file supplemental briefs by April 25, 2025 regarding the effect of this Court's Order (ECF No. 53) adopting Judge Sanchez's Report and Recommendation ("R&R") (ECF No. 43) and granting Plaintiffs partial relief in the form of a preliminary injunction against the enforcement of Florida's 2023 SB 846 on the basis of conflict preemption. Defendants have filed a notice of interlocutory appeal of this Court's grant of preliminary injunctive relief. ECF No. 55. By Order entered on April 25, 2025, this Court extended the supplemental-briefs filing deadline to May 2, 2025. ECF No. 63.

In the circumstances here, Defendants' notice of appeal deprives this Court of jurisdiction to rule on their motion to dismiss. It is well-settled that, "[a]s a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Defendants' motion to dismiss simply repeats its arguments in opposing Plaintiffs' preliminary injunction motion, often verbatim. Defendants' motion to dismiss argues that Plaintiffs lack standing, and that Plaintiffs cannot succeed on the merits of their preemption, equal protection, and due process vagueness arguments. ECF No. 35 at 7-20. These are exactly the same arguments Defendants made in opposing Plaintiffs' motion for a preliminary injunction, with the only material difference being that the latter motion required Plaintiffs to show a substantial likelihood of success on the merits. ECF No. 26 at 8-26. Thus, due

to Defendants' notice of appeal, this Court lacks jurisdiction over the motion to dismiss because it involves precisely the same issues as are now on appeal of the preliminary injunction. All the issues exactly overlap, with no different argument being presented in the motion to dismiss as compared to the appeal.

The Eleventh Circuit has identified two exceptions to the general deprivation of district court jurisdiction over related issues upon the filing of a notice of appeal. First, such a notice of appeal "does not prevent the district court from taking action 'in furtherance of the appeal.' " *Mahone*, 326 F.3d at 1179 (quoting *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976) (footnote omitted)). One recognized example is the denial of a Fed. R. Civ. P. 60(b) motion. *Mahone*, 326 F.3d at 1180. This exception does not extend, however, to a district court granting a Rule 60(b) motion, as to which jurisdiction is lacking because the "furtherance of the appeal" standard does not apply. *Id.* Because of the identity of issues and legal arguments between Defendants' motion to dismiss and their appeal of the granting of Plaintiffs' preliminary injunction, this Court acting on the motion to dismiss would not fall within the "furtherance of the appeal" jurisdictional exception. *Cf. Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (acknowledging that "the district court has authority to proceed forward with portions of the case *not related to claims on appeal*") (emphasis added).

Second, a notice of appeal does not "prevent the [district] court from entertaining motions on matters collateral to those at issue on appeal." *Mahone*, 326 F.3d at 1179. Examples of collateral matters include, generally, taxing of costs and attorney fees. *See Rothenberg v. Security Management, Inc.*, 677 F.2d 64, 64-65 (11th Cir. 1982). Due to the identity of the issues and legal arguments, the merits of Defendants' motion to dismiss go to the heart of the preliminary injunction appeal, and thus the motion to dismiss is not merely collateral to the appeal.

The only precedents within the Eleventh Circuit of which Plaintiffs are aware that could arguably support this Court having jurisdiction over Defendants' motion to dismiss while their appeal is pending are *De La Fuente v. Kemp*, 1:16-cv-2937, 2017 WL 2289307 (N.D. Ga. Mar. 17, 2017), and *State of Alabama v. U.S. E.P.A.*, 871 F.2d 1548 (11th Cir. 1989), but these cases do not counsel a finding of ongoing jurisdiction here.

In *De La Fuente*, the district court ruled on the merits of a motion to dismiss after an affirmance on appeal of its denial of a preliminary injunction but before the Eleventh Circuit's mandate had issued. 2017 WL 2289307, at *2 n.3. The *De La Fuente* district court ruled that

"[a]lthough the mandate has not yet issued from the Eleventh Circuit, an appeal of a preliminary injunction order does not divest this Court of jurisdiction over a pending motion to dismiss the complaint." *Id.* In support, *De La Fuente* relied upon three cases: *Green Leaf Nursery*; *State of Alabama*; and *United States v. White*, 846 F.2d 678 (11th Cir. 1988). *Id.* None of these cases, or the precedents they in turn rely upon, legitimately support *De La Fuentes*' assertion of jurisdiction.

As indicated above, *Green Leaf Nursery* stands for the uncontroversial proposition that district courts retain jurisdiction after a notice of appeal only over matters "not related to claims on appeal." 341 F.3d at 1309. *De La Fuente* did not explain how its ruling on the motion to dismiss was unrelated to matters on appeal.

As for *State of Alabama*, the court stated in dicta in a single, unreasoned sentence that "[t]he district court had jurisdiction to grant summary judgment and to dismiss the suit despite the pending interlocutory appeal." 871 F.2d at 1553-54. To the extent Defendants argue that *State of Alabama* extended district court jurisdiction to the entire merits of a case on interlocutory appeal of the granting of a preliminary injunction motion, that cannot be reconciled with *Mahone* and the general rule divesting district courts of jurisdiction over related issues once a notice of appeal has been filed. If *State of Alabama* were to singlehandedly make a new exception to *Mahone* and thereby swallow the rule on appeals from preliminary injunctions, the court would have said so expressly, and it would in turn repeatedly be cited for such a proposition. It did not and is not.

In any event, awaiting a decision from the Eleventh Circuit before deciding Defendants' motion to dismiss is the best course to preserve judicial resources because any such appellate decision (1) will have a substantial bearing on the merits of the motion to dismiss, and (2) might resolve the case outright for one party or the other.

Respectfully submitted,

/s/  Daniel Boaz Tilley

Daniel Boaz Tilley (FBN 102882)
**ACLU FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org

Keliang (Clay) Zhu
**CHINESE AMERICAN LEGAL DEFENSE ALLIANCE**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
(925) 399-5856
czhu@dehengsv.com

Fabio Arcila, Jr.
**CHINESE AMERICAN LEGAL DEFENSE ALLIANCE**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
(925) 399-5856
farcila@farcilalaw.com

Saba Chinian
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105
(415) 954-3252
schinian@perkinscoie.com

Chad B. Henry
**PERKINS COIE LLP**
700 13th Street NW, Suite 800
Washington, DC 20005
(202) 434-1688
chadhenry@perkinscoie.com

David A. Perez
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
(206) 359-6767
dperez@perkinscoie.com

Rodney Swartz, Ph.D.
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
(503) 727-2067
rswartz@perkinscoie.com

Evelyn Y. Pang
**PERKINS COIE LLP**
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
(212) 261-6875
epang@perkinscoie.com

*Attorneys for Plaintiffs*

4